UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10640 FMO (JPRx) | Date | January 4, 2021 |
|---|---|---|---|
| Title | Haining NewStyle Hairun Acting Agency Co., Ltd., et al. v. Jessica Jung | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:**   **(In Chambers) Order to Show Cause Re: Personal Jurisdiction**

On November 20, 2020, plaintiffs Haining NewStyle Hairun Acting Agency Co., Ltd. ("Haining") and Guizhou NewStyle Media Co., Ltd. ("Guizhou") (collectively, "plaintiffs") filed a Petition to Confirm Arbitration Award (Dkt. 1, "Petition") against defendant Jessica Jung ("defendant"), seeking confirmation of an arbitration award issued in China. (See id.). Plaintiffs allege this court has subject matter jurisdiction under 9 U.S.C. § 203, which provides that the "district courts of the United States . . . shall have original jurisdiction" over actions falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), because this action is to confirm an arbitration award issued in China arising out of a commercial contract, by at least one non-citizen, for the provision of defendant's services in China. (See id. at ¶ 7); 9 U.S.C. § 202. Plaintiffs also allege that the court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws or treaties of the United States. (See Dkt. 1, Petition at ¶ 8).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when a defendant's contacts with the forum state are "so continuous and systematic as to render [them] essentially at home[.]" Id. 571 U.S. at 139, 134 S.Ct. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over a nonresident defendant if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10640 FMO (JPRx) | Date | January 4, 2021 |
|---|---|---|---|
| Title | Haining NewStyle Hairun Acting Agency Co., Ltd., et al. v. Jessica Jung | | |

Defendant "currently resides in the Republic of Korea" with her "last known address [ ] in Seoul, Republic of Korea[.]" (Dkt. 1, Petition at ¶ 6). Plaintiffs allege that the court has personal jurisdiction over defendant "due to her extensive contacts with and commercial dealings in the State of California." (Id. at ¶ 9). According to plaintiffs, defendant "actively promotes herself by making personal appearances in California, in addition to selling her music videos, recordings, clothing lines and personal beauty products to residents of the State of California." (Id.); (see also Dkt. 8, Declaration of William Z. White [ ] at ¶¶ 11-19 (evidence submitted by plaintiffs to show defendant's promotional activities in California)).

The gravamen of plaintiffs' Petition is based on a February 2016 agreement between the parties regarding "exclusive agency rights over [defendant's] performance activities in the territory of the People's Republic of China[.]" (Dkt. 1, Petition at ¶ 11). Plaintiffs allege this agreement was breached by defendant's non-cooperation and attendance at events, presumably in China, not sanctioned by plaintiffs. (See id. at ¶ 13). Defendant's forum-related activities in California, however, involve only her own promotional activities for unrelated products and musical ventures with no specific connection to the conduct relating to the parties' 2016 agreement. (See id. at ¶ 9). Thus, plaintiffs have failed to allege how their Petition arises out of or relates to defendant's contacts in California sufficient for the court to establish personal jurisdiction over defendant. (See, generally, id.); Schwarzenegger, 374 F.3d at 802 ("[T]he claim must be one which arises out of or relates to the defendant's forum-related activities[.]"); see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1122 (9th Cir. 2002) ("[I]n suits to confirm a foreign arbitral award under the Convention, due process requires that the district court have [personal] jurisdiction over the defendant against whom enforcement is sought[.]").

Based on the foregoing, IT IS ORDERED that:

1. No later than **January 11, 2021**, plaintiffs shall file a First Amended Petition that remedies the above-stated defects and sets forth allegations establishing personal jurisdiction over defendant.

2. Failure to file a First Amended Petition by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |